IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOSE MEDINA | * | |
| *Plaintiff*, | * | |
| v. | * | Case No. 8:18-cv-00366 |
| BANK OF AMERICA, N.A. *et al.*, | * | |
| *Defendants*. | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**DEFENDANT BANK OF AMERICA, N.A.'S
ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Bank of America, N.A. ("BANA"), by its undersigned counsel and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure, states as follows for its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Jose Medina (ECF 1) in the above captioned matter:

**PRELIMINARY STATEMENT[1]**

1. BANA states that the allegations set forth in paragraph 1 are characterizations of Plaintiff's Complaint and call for legal conclusions that do not require a response. To the extent an additional response is required, BANA states the Complaint speaks for itself and denies Plaintiff is entitled to the relief sought in his Complaint.

2. BANA states that the allegations set forth in paragraph 2 call for legal conclusions that do not require further response. To the extent an additional response is required, BANA states the statutory language of the Fair Credit Reporting Action ("FCRA") speaks for itself and BANA

---

[1] For ease of reference, this Answer incorporates the heading names and paragraph numbers provided in the Complaint. In doing so, BANA does not admit or deny any of the substance in the Complaint

1

denies any allegations in paragraph 2 inconsistent therewith and further denies any remaining allegations in paragraph 2.

     3.     BANA denies the allegations set forth in paragraph 3 of the Complaint.

     4.     BANA denies the allegations set forth in in paragraph 4 as to BANA. BANA is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 4 and, therefore, they are denied.

     5.     BANA states that the allegations set forth in paragraph 5 are characterizations of Plaintiff's Complaint and call for legal conclusions that do not require a further response. To the extent an additional response is required, BANA states the Complaint speaks for itself and denies Plaintiff is entitled to the relief sought in his Complaint.

     6.     BANA states that the allegations set forth in paragraph 6 are characterizations of Plaintiff's Complaint and call for legal conclusions that do not require a further response. To the extent an additional response is required, BANA states the Complaint speaks for itself and denies Plaintiff is entitled to the relief sought in his Complaint.

## JURISDICTION AND VENUE

     7.     BANA states that the allegations set forth in paragraph 7 call for legal conclusions that do not require a response. To the extent an additional response is required, BANA does not contest subject matter jurisdiction in this case.

     8.     BANA states that the allegations set forth in paragraph 8 call for legal conclusions that do not require a response. To the extent an additional response is required, BANA does not contest venue in this case.

## PARTIES

9. BANA states that the allegations set forth in paragraph 9 call for legal conclusions that do not require a response. To the extent an additional response is required, BANA is without sufficient knowledge or information to admit or deny the allegations paragraph 9 and, therefore, they are denied.

10. As to the allegations set forth in the first sentence of paragraph 10, BANA admits that it is a national bank authorized to accept deposits, make loans, and provide other financial and investment services for the public, including in the State of Maryland. BANA further states that the allegations set forth in the second sentence of paragraph 10 call for legal conclusions that do not require a response. To the extent an additional response is required, BANA admits only that it provides information about customers to consumer reporting agencies, as required by law, and denies any remaining allegations in paragraph 10.

11. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 11 and, therefore, denies those allegations.

12. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 12 and, therefore, denies those allegations.

13. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 13 and, therefore, denies those allegations.

## FACTS

14. BANA states that the allegations set forth in paragraph 14 are characterizations of Plaintiff's Complaint and call for legal conclusions that do not require a response. To the extent an additional response is required, BANA states the Complaint speaks for itself and denies Plaintiff is entitled to the relief sought in his Complaint.

15. BANA admits that Plaintiff was approved for the Home Affordable Modification Program effective May 1, 2010. BANA denies the remaining allegations set forth in paragraph 15.

16. BANA admits that, pursuant to the terms of the Home Affordable Modification Program Agreement between BANA and Plaintiff, Plaintiff's mortgage payments were due the first of each month. BANA further admits the Home Affordable Modification Agreement incorporated the underlying note's grace period providing 15 calendar days from the payment due date until late charges on overdue payments would be assessed. BANA denies the remaining allegations set forth in paragraph 16.

17. BANA denies the allegations set forth in paragraph 17.

18. BANA denies the allegations set forth in paragraph 18.

19. BANA denies the allegations set forth in paragraph 19.

20. BANA denies the allegations set forth in paragraph 20.

21. BANA admits that Nationstar Mortgage became the servicer of Plaintiff's mortgage in July 2012. BANA denies the remaining allegations set forth in paragraph 21.

22. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 22 and, therefore, denies those allegations.

23. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 23 and, therefore, denies those allegations.

24. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 24 and, therefore, denies those allegations.

25. BANA denies the allegations set forth in paragraph 25.

26. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 26 and, therefore, denies those allegations.

27. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 27 and, therefore, denies those allegations.

28. BANA denies the allegations set forth in paragraph 28.

29. BANA denies the allegations set forth in paragraph 29.

30. BANA denies the allegations set forth in paragraph 30.

31. BANA denies the allegations set forth in paragraph 31.

32. BANA denies the allegations set forth in paragraph 32.

33. BANA denies the allegations set forth in paragraph 33.

34. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 35 and, therefore, denies those allegations.

35. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 35 and, therefore, denies those allegations.

36. BANA admits it was notified in or about April 2017 that Plaintiff was disputing information reported on his credit report. BANA is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 36 and, therefore, denies those allegations.

37. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 37 and, therefore, denies those allegations.

38. BANA admits it was notified in or about April 2017 that Plaintiff was disputing information reported on his credit report. BANA is without sufficient knowledge or information

to admit or deny the remaining allegations set forth in paragraph 38 and, therefore, denies those allegations.

39. BANA denies the allegations in paragraph 39 as applied to BANA. BANA is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 39 and, therefore, denies those allegations.

40. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 40 and, therefore, denies those allegations.

41. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 41 and, therefore, denies those allegations.

42. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 42 and, therefore, denies those allegations.

43. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 43 and, therefore, denies those allegations.

44. BANA denies the allegations set forth in paragraph 44 as to BANA. BANA is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 44 and, therefore, denies those allegations.

45. BANA denies the allegations set forth in paragraph 45 as to BANA. BANA is without sufficient knowledge or information to admit or deny the remaining allegations set forth in paragraph 45 and, therefore, denies those allegations.

## **COUNT ONE**

46. BANA restates and incorporates its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein in response to paragraph 46.

47. BANA states that paragraph 47 sets forth allegations regarding parties other than BANA and does not require a response. To the extent a further response is required, BANA denies the allegations set forth in paragraph 47.

48. BANA states that paragraph 48 sets forth allegations regarding parties other than BANA and does not require a response. To the extent a further response is required, BANA denies the allegations set forth in paragraph 48.

49. BANA states that paragraph 49 sets forth allegations regarding parties other than BANA and does not require a response. To the extent a further response is required, BANA denies the allegations set forth in paragraph 49.

## COUNT TWO

50. BANA restates and incorporates its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein in response to paragraph 50.

51. BANA states that paragraph 51 sets forth allegations regarding parties other than BANA and does not require a response. To the extent a further response is required, BANA denies the allegations set forth in paragraph 51.

52. BANA states that paragraph 52 sets forth allegations regarding parties other than BANA and does not require a response. To the extent a further response is required, BANA denies the allegations set forth in paragraph 52.

53. BANA states that paragraph 53 sets forth allegations regarding parties other than BANA and does not require a response. To the extent a further response is required, BANA denies the allegations set forth in paragraph 53.

## **COUNT THREE**

54. BANA restates and incorporates its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein in response to paragraph 54.

55. BANA denies the allegations in paragraph 55.

56. BANA states that paragraph 56 sets forth allegations regarding parties other than BANA and does not require a response. BANA admits that it utilizes a system called "e-Oscar." To the extent a further response is required, BANA denies the remaining allegations set forth in paragraph 56.

57. BANA is without sufficient knowledge or information to admit or deny the allegations set forth in paragraph 57 and, therefore, denies those allegations.

58. BANA denies the allegations in paragraph 58.

59. As to the allegations in paragraph 59, BANA admits only that it is aware of an ACDV form it received from Equifax Information Services, LLC. BANA is without sufficient knowledge or information to admit or deny the remaining allegations in paragraph 59 and, therefore, they are denied

60. BANA denies the allegations set forth in paragraph 60.

61. BANA denies the allegations set forth in paragraph 61.

62. BANA denies the allegations set forth in paragraph 62.

63. BANA denies the allegations set forth in paragraph 63.

64. BANA denies the allegations set forth in paragraph 64.

65. BANA denies the allegations set forth in paragraph 65.

## COUNT FOUR

66. BANA restates and incorporates its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein in response to paragraph 66.

67. BANA denies the allegations set forth in paragraph 67.

68. BANA admits that it utilizes a system called "e-Oscar." To the extent a further response is required, BANA denies the remaining allegations set forth in paragraph 68.

69. BANA admits that it utilizes a system called "e-Oscar." To the extent a further response is required, BANA denies the remaining allegations set forth in paragraph 69.

70. BANA states that the allegations set forth in paragraph 70 are incomprehensible, immaterial, argumentative, seek legal conclusions, and no response is required. To the extent a further response is required, BANA denies the allegations set forth in paragraph 70.

71. BANA denies the allegations set forth in paragraph 71.

72. BANA denies the allegations set forth in paragraph 72.

73. BANA denies the allegations set forth in paragraph 73.

74. BANA denies the allegations set forth in paragraph 74.

## COUNT FIVE

75. BANA restates and incorporates its responses to the allegations set forth in the preceding paragraphs as if fully set forth herein in response paragraph 75.

76. BANA denies the allegations set forth in paragraph 76.

77. BANA denies the allegations set forth in paragraph 77.

78. BANA denies the allegations set forth in paragraph 78.

79. As to the allegations in paragraph 79, BANA admits that it was aware of a dispute. BANA denies the remaining allegations in paragraph 79.

80. BANA denies the allegations set forth in paragraph 80.

81. BANA denies the allegations set forth in paragraph 81.

82. BANA denies the allegations set forth in paragraph 82.

83. BANA denies the allegations set forth in paragraph 83.

84. To the extent Plaintiff makes allegations in the WHEREFORE clause following paragraph 83, BANA denies those allegations.

85. All allegations not specifically admitted or otherwise answered are denied.

## DEFENSES AND AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, BANA asserts the following affirmative and other defenses to Plaintiff's Complaint:

1. Plaintiff's Complaint fails, in whole or in part, to state a claim against BANA upon which relief can be granted.

2. As to Count 5, Plaintiff cannot establish a concrete and particularized injury sufficient to confer standing under *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).

3. At all times relevant herein, BANA complied with all statutory and common law duties owed to Plaintiff, if any, including those arising under the Fair Credit Reporting Act ("FCRA"), and BANA is entitled to each and every defense stated in the FCRA and any and all limitations of liability.

4. BANA denies that any conduct on its part caused or contributed to cause Plaintiff's alleged damages, and states Plaintiff's alleged damages, if any, were caused by persons or entities over whom BANA had no control and for whom BANA is not responsible, including Plaintiff.

5. Plaintiff's claims are barred, in whole or in part, because he failed to take reasonable steps to minimize, prevent, or otherwise mitigate any and all alleged damages.

6. Plaintiff's claim for punitive damages is barred or limited by 15 U.S.C. § 1681n and the Due Process clause of the Fourteenth Amendment to the United States Constitution.

7. Plaintiff's Complaint seeks the imposition of punitive damages. BANA adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in the following cases: *BMW v. Gore*, 517 U.S. 559 (1996); *Cooper Indus., Inc. v. Leatherman Tool Group, Inc*., 532 U.S. 923 (2001); and *State Farm v. Campbell*, 538 U.S. 408 (2003).

8. Plaintiff does not adequately plead and cannot establish the standard of willfulness under the FCRA as articulated by the Supreme Court in *Safeco Insurance Co. of America v. Burr*, 551 U.S. 47 (2007).

9. In addition to the affirmative defenses enumerated above, BANA reserves the right to assert any additional defenses as may be warranted or as may be revealed by additional information received in discovery and/or to amend its Answer.

WHEREFORE, having fully answered or otherwise responded to the allegations set forth in Plaintiff's Complaint, BANA respectfully requests:

(1) Plaintiff's Complaint be dismissed in its entirety and with prejudice, with all costs taxed against Plaintiff;

(2) BANA be dismissed as a party to this action; and

(3) BANA recover such other and additional relief as the Court deems just and appropriate.

[*signatures on following page*]

Dated: April 6, 2018

Respectfully submitted,

 */s/ Melissa O. Martinez*
Melissa O. Martinez (Bar No. 28975)
**MCGUIREWOODS LLP**
500 East Pratt Street
Suite 1000
Baltimore, Maryland 21202
Tel.:   (410) 659-4432
Fax:   (410) 659-4482
mmartinez@mcguirewoods.com

Brian E. Pumphrey *(pro hac vice* pending*)*
**MCGUIREWOODS LLP**
Gateway Plaza
800 East Canal Street
Richmond, Virginia 23219
Tel.:   (804) 775-7745
Fax:   (804) 698-2018
bpumphrey@mcguirewoods.com

*Counsel for Bank of America, N.A.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 6, 2018, a copy of the foregoing Defendant Bank of America, N.A.'s Answer and Affirmative Defenses was filed and served via the Court's CM/ECF system to all counsel of record.

                                                        */s/ Melissa O. Martinez*
                                                       Melissa O. Martinez